THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Argued February 21, 1910—Decided July 20, 1910.

1. On *certiorari* an order appointing commissioners for the condemnation of land, under the act of April 1st, 1895 (*Pamph. L.,* p. 769; *Gen. Stat.,* p. 1388), or the act of March 17th, 1891 (*Pamph. L.,* p. 172; *Gen. Stat.,* p. 1383), if it appears that a *bona fide* reasonable effort to purchase has not been unsuccessfully made by the petitioning party, although the owner was accessible and competent to sell, the order will be set aside.

2. In view of the act of March 28th, 1891 (*Pamph. L.,* p. 249; *Gen. Stat.,* p. 465), conferring upon the board of street and water commissioners exclusive control over lands of Jersey City used for public streets or like public purposes, a mere unsuccessful effort to agree with the mayor of the city as to the purchase price of the right to lay and maintain water mains in such lands is not such an effort to agree with the owner as is made a condition precedent to the appointment of commissioners to condemn under the act of April 1st, 1895 (*Pamph. L.,* p. 769; *Gen. Stat.,* p. 1388), or the act of March 17th, 1891 (*Pamph. L.,* p. 172; *Gen. Stat.,* p. 1383).

On *certiorari.*

Before Justices TRENCHARD and MINTURN.

For the prosecutors, *James J. Murphy, Harry Lane, George Holmes* and *Warren Dixon.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

TRENCHARD, J.    This *certiorari* brings under review an order made by a justice of the Supreme Court, on the application of the mayor and council of the city of Bayonne, appointing commissioners in a condemnation proceeding to appraise "land and property required, * * * namely, the right to lay and maintain a thirty-inch steel or cast iron water

main, for the purpose of conveying there through water over certain strips of land" owned by the mayor and aldermen of Jersey City and used for public streets or other like public purposes.

The prosecutors insist that the order must be set aside for the reason, among others, that "the mayor and council of the city of Bayonne has never endeavored to agree with the authorities of the mayor and aldermen of Jersey City on a price for the lands sought to be condemned by the petition on which said order is based."

The defendant asserts, and the prosecutors deny, that authority for the present condemnation proceeding is to be found in the act of April 1st, 1895 (*Pamph. L., p.* 769; *Gen. Stat., p.* 1388), and also in the act of March 17th, 1891. *Pamph. L., p.* 172; *Gen. Stat., p.* 1383.

Assuming, but not deciding, that, by the statutes referred to, the city of Bayonne has authority to condemn lands in question, still we are of the opinion that the present order appointing commissioners must be set aside for the reason we will now state.

A failure to agree with the owner as to the purchase price, after a *bona fide* reasonable effort, is made by the statute relied upon, a condition precedent, to the application for appointment of commissioners, to condemn in all cases, where the owner of the land is accessible and competent to sell. *Chambers* v. *Carteret and Sewaren Railroad Co.,* 25 *Vroom* 85; *Vail* v. *Morris and Essex Railroad Co.,* 1 *Zab.* 189; *State, Wilkinson,* v. *Trenton,* 7 *Vroom* 499; *State, Boice,* v. *Plainfield,* 12 *Id.* 138.

By the act of March 28th, 1891 (*Pamph. L., p.* 249; *Gen. Stat., p.* 465), all power and authority over lands of Jersey City used for public streets or other like public purposes, and all matters and things in anywise appertaining to the use or occupation thereof, or any part of the same, is lodged solely in the board of street and water commissioners of that city, to the exclusion of the board of aldermen where such power formerly resided. *United Electric Co.* v. *Newark,* 48 *Vroom* 104.

It was therefore essential for the defendant to endeavor to agree with the board of street and water commissioners on a purchase price of the lands and rights sought to be condemned. This it appears it did not do. The defendant chose rather to apply to the mayor. The fact that the mayor announced his opposition to the proposal and refused to treat is immaterial. The mayor had no authority in the premises, and neither the board of street and water commissioners nor the city was bound by his action. At most, he could but veto a grant made by the board, and the act of 1891 confers upon the board power to override the veto by passing the ordinance or resolution conferring such a grant over his veto.

Since the order under review must be set aside for the reason indicated, it is unnecessary to consider the several other reasons argued.

The order in question will be set aside, with costs.